UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HUMPHERYS,

    Petitioner,

v.

J.A. TERRIS,

    Respondent.
_____/

Case No. 17-cv-13641

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1]

Petitioner James Humphreys has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Humphreys is currently incarcerated in the Federal Correctional Facility in Milan, Michigan. He argues that pursuant to *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), his prior aggravated battery conviction no longer qualifies as a violent offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Court finds that the petition was not properly filed under § 2241. Therefore, the Court will DENY the petition.

**I. Background**

Humphreys was convicted of being a felon in possession of a firearm after a jury trial in the United States District Court for the Northern District of Illinois. *See*

*United States v. Humphreys*, 468 F.3d 1051, 1052 (7th Cir. 2007). The district court found that Humphreys had three prior felony convictions for violent crimes and sentenced him to fifteen and one-half years of imprisonment under the ACCA, and five years of supervised release. *Id.* Humphreys appealed his conviction and sentence, which the Seventh Circuit Court of Appeals affirmed. *Id.* The Seventh Circuit also denied rehearing and rehearing *en banc* on January 9, 2007. *Id.*

On January 4, 2008, Petitioner filed a motion for relief under 28 U.S.C. § 2255, which the court denied. *See United States v. Humphreys*, No. 08-cv-88 (N.D. Ill. Nov. 6, 2008). On August 8, 2011, Humphreys filed a petition under 28 U.S.C. § 2241, contending that the armed career criminal offender provision was no longer applicable to his case. The district court held that the petition should have been filed under 28 U.S.C. § 2255. *United States v. Humphreys*, No. 11-cv-5350, 2012 WL 1080526, *1–2 (N.D. Ill. Aug. 17, 2012). In dicta, the court noted that even if the petition had been filed under § 2255, the court would have denied it as untimely. *Id.*

On April 9, 2012, Humphreys filed a petition for habeas relief under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas. According to Humphreys, he was entitled to a reduction in his sentence because the ACCA no longer applied where his state convictions had expired and his civil rights were restored. The district court held that the petition was not properly filed under § 2241.

*Humphreys v. Maye*, No. 12-3088 (D. Kan. June 7, 2012).

In September 2012, Petitioner filed another motion for relief under § 2255. Again, he asserted that the ACCA no longer applied to him because his state convictions had expired and his civil rights had been restored. The district court found that the motion was not timely filed under § 2255. *United States v. Humphreys*, No. 12-cv-07689 (N.D. Ill. Jan. 18, 2013).

In September 2015, Humphreys asked the Seventh Circuit to authorize the district court to consider a successive petition under § 2255. He alleged that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his sentencing enhancement illegal. The Seventh Circuit denied the application, finding that Humphreys' aggravated battery conviction involved the use of force, and that his armed robbery conviction had as an element the use or threatened use of force. *Humphreys v. United States*, No. 15-2948 (7th Cir. Oct. 5, 2015).

Presently before this Court is Humphreys' habeas corpus petition under 28 U.S.C. § 2241. Dkt. No. 1. Relying on *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), he argues that one of the felonies supporting his enhancement under ACCA no longer constitutes a predicate offense.

## II. Discussion

Humphreys contends that he was improperly sentenced as a career offender under the United States Sentencing Guidelines. Specifically, he argues that, based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is actually innocent of the career offender enhancement. He alleges that one of the three offenses used for his career offender designation—an Illinois state conviction for aggravated battery—no longer constitutes a predicate crime of violence after *Mathis*.

A prisoner generally can challenge his federal conviction or sentence only through a § 2255 motion. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the same district that imposed the criminal sentence on him. *See* 28 U.S.C. § 2255(a). A petition challenging "the manner or execution of a sentence is appropriate under § 2241." *Hill*, 836 F.3d at 594 (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

In this case, Petitioner attacks his sentence, but does so under § 2241. "[A] federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Charles v. Chandler*,

180 F.3d 753, 756 (6th Cir. 1999) (quoting § 2255(e)). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758.

Humphreys argues that *Hill* allows him to file the petition under § 2241 because he alleges actual innocence. Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at

5

756 (internal citations omitted). A petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Humphreys fails to satisfy that burden.

Humphreys does not argue that he is innocent of the crime for which he was convicted. Instead, he argues that he is innocent of the career offender enhancement. Ordinarily, "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (collecting cases). A petitioner can challenge a sentence under § 2241, only where: (1) the petitioner's sentence was imposed pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599–600.

Here, Petitioner has met the first requirement because he was sentenced when the Sentencing Guidelines were mandatory. It is not clear that Petitioner has satisfied the second element. Humphreys apparently has not attempted to raise his *Mathis* claim in a successive § 2255 motion; it is unclear, however, whether the

6

Seventh Circuit would authorize a successive motion on that basis. *See Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). Even assuming that Humphreys has satisfied the second requirement, he cannot satisfy the third requirement. The Supreme Court held that *Mathis* did not announce a new rule. *Mathis*, 136 S. Ct. at 2257. And, the Sixth Circuit concluded that *Mathis* is not to be applied retroactively. *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017). Therefore, because *Mathis* does not announce a new rule or apply retroactively, Petitioner cannot rely on *Mathis* to satisfy the third requirement of *Hill*.

As Petitioner fails to satisfy the threshold requirements of *Hill*, his claim falls outside the limited exception detailed in that case. His sentencing claim does not fit within the narrow scope of § 2255(e)'s savings clause; and therefore, his § 2241 petition must be denied.

### III. Conclusion

The Court concludes that the petition is not properly filed under § 2241. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus.

IT IS SO ORDERED.

Dated: January 24, 2018                           /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

7

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 24, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk