UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>AMES</small> H<small>UMPHERYS</small>,

    Petitioner,

v.

J.A. T<small>ERRIS</small>,

    Respondent.
_____/

Case No. 17-cv-13641

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
E<small>LIZABETH</small> A. S<small>TAFFORD</small>

## O<small>PINION AND</small> O<small>RDER</small> D<small>ENYING</small> P<small>ETITIONER'S</small> M<small>OTION TO</small> A<small>LTER OR</small> A<small>MEND</small> J<small>UDGMENT</small> [4]

Petitioner James Humphreys,[1] on November 6, 2017, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. The Court dismissed the petition on January 24, 2018. *See* Dkt. No. 2. Presently before the Court is Petitioner's Motion to Alter or Amend Judgment [4]. For the reasons that follow, the Court will DENY the motion [4].

**I.    Background**

Petitioner was convicted of being a felon in possession of a firearm after a jury trial in the United States District Court for the Northern District of Illinois.

---

[1] Because of a clerical error, Petitioner's name is misspelled as "Humpherys" on the Court's official docket. The Court orders the court docket changed to reflect the correct spelling of Petitioner's surname: Humphreys.

1

*See United States v. Humphreys*, 468 F.3d 1051 (7th Cir. 2007). The district court concluded that Humphreys had three prior felony convictions for violent crimes; thus, on June 28, 2005, the district court sentenced Petitioner to 15.5 years in prison pursuant to the Armed Career Criminal Act ("ACCA"), and to five years of supervised release. *Id.* at 1052 (citing 18 U.S.C. § 924(e)(1)). Humphreys appealed his conviction and sentence to no avail. *See id.*, *reh'g and reh'g en banc* denied Jan. 9, 2007.

Petitioner subsequently filed two motions for relief from judgment under 28 U.S.C. § 2255 in the Northern District of Illinois. Both motions were unsuccessful. *See United States v. Humphreys*, No. 12-cv-07689 (N.D. Ill. Jan. 18, 2013), ECF 11; *United States v. Humphreys*, No. 08-cv-88 (N.D. Ill. Nov. 6, 2008), ECF 29. In 2011, Humphreys filed a petition under 28 U.S.C. § 2241, arguing that the armed career criminal offender provision no longer applied to him because his prior state convictions had expired and his civil rights had been restored. The district court held that Humphreys should have filed the petition under 28 U.S.C. § 2255, and even if he had filed it under that statute, it would have been denied as untimely. *United States v. Humphreys*, No. 11-cv-5350, 2012 WL 1080526, at *2 (N.D. Ill. Mar. 28, 2012).

In 2012, Humphreys filed a petition for habeas corpus relief under 28 U.S.C.

§ 2241, this time in the United States District Court for the District of Kansas. The district court held that the petition was not properly filed under § 2241. *Humphreys v. Maye*, No. 12-3088 (D. Kan. June 7, 2012).

In September 2015, Humphreys filed an application for an order authorizing the district court to consider a successive petition under § 2255, which the Seventh Circuit denied. *Humphreys v. United States*, No. 15-2948 (7th Cir. Oct. 5, 2015).

Petitioner then filed a habeas corpus petition in this Court under 28 U.S.C. § 2241. There, he argued that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), one of the felonies supporting his enhancement under ACCA no longer constitutes a predicate offense. The Court denied the petition finding that it was not properly filed, as it was filed under 28 U.S.C. § 2241. *See* Dkt. No. 2. On February 22, 2018, Petitioner filed the present motion asking the Court to reconsider its decision. Dkt. No. 4.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. A court may alter a judgment under Rule 59 based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks

3

omitted) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). In sum, this rule "allow[s] the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).

**III. Discussion**

Petitioner argues that the Court should alter its February 22, 2018 judgment based on an allegedly clear error of law. *See* Dkt. No. 4, pg. 3 (Pg. ID 24). Humphreys maintains that the Court erred in finding that he was not permitted to proceed under 28 U.S.C. § 2241. According to Humphreys, he may challenge his sentence under § 2241 because (1) his sentence was imposed pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) he cannot assert the claim in a successive petition under § 2255; and (3) *Mathis* applies retroactively on collateral review, meaning his aggravated burglary conviction is no longer a predicate offense. *See id.* at pp. 3–4.

A federal prisoner may challenge a sentence under § 2241 pursuant to § 2255(e)'s savings clause if the prisoner can establish that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Until recently, a sentencing challenge, even one alleging actual innocence of a

4

sentencing enhancement, could not be raised under § 2241. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). Yet in *Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016), the Sixth Circuit carved a narrow exception that authorized challenges to sentences in § 2241 petitions. But this exception only applies where (1) a petitioner's sentence was imposed under the mandatory guidelines regime before *Booker v. United States*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from filing a successive motion under § 2255; and (3) "when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *See id.* at 600.

Humphreys argues that the Court erred in holding that he does not satisfy the *Hill* factors, and in making this argument, he principally relies on two unpublished Sixth Circuit decisions: *Dowell v. Quintana*, No. 17-5297, 2017 U.S. App. LEXIS 23409 (6th Cir. Nov. 17, 2017), and *Sutton v. Quintana*, No. 16-6534, 2017 U.S. App. LEXIS 20778 (6th Cir. July 12, 2017).

In *Dowell* and *Sutton*, the Sixth Circuit permitted § 2241 challenges to *Mathis*-based sentencing enhancements because *Mathis* concerns statutory interpretation and applies retroactively, and thereby satisfies the third *Hill* factor.[2]

---

[2] The Sixth Circuit recently issued an unpublished decision which is apparently

*Dowell*, 2017 U.S. App. LEXIS 23409, at *2; *Sutton*, 2017 WL 4677548, at *2. The Sixth Circuit remanded both *Dowell* and *Sutton* for a determination as to whether the prior offenses still qualify as predicate offenses after *Mathis*. Petitioner's situation is distinguishable from that of the petitioners in *Dowell* and *Sutton* because the record reveals that his prior aggravated battery conviction remains a crime of violence following *Mathis* and his claim fails on the merits.

Humphreys was sentenced as an armed career criminal under the ACCA. 18 U.S.C. § 924(e)(1). Ordinarily, the penalty for his felon in possession of a firearm offense, 18 U.S.C. § 922(g), is up to ten years of imprisonment. 18 U.S.C. § 924(a)(2). If a defendant violates § 922(g) and has three prior convictions for a violent felony, ACCA increases a defendant's sentence to a term of imprisonment of not less than fifteen years, up to life. 18 U.S.C. § 924(e)(1).

According to Humphreys, he is not a career offender because, following *Mathis*, his conviction for aggravated battery under 720 Ill. Comp. Stat. 5/12-3 no

---

inconsistent with *Sutton* and *Dowell*. *See Richardson v. Batts*, No. 17-6143 (6th Cir. March 15, 2018) (Dkt. 8-2). The *Richardson* panel did not distinguish *Sutton* or *Dowell*, but still held that § 2241 was unavailable under § 2255's savings clause to challenge a sentencing enhancement under *Mathis*. *Id.*; *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1091 (11th Cir. 2017) (holding that "[b]ecause [petitioner] 'was free to bring' [a] claim . . . in his initial motion to vacate, the remedy by motion was an "adequate and effective means for testing such an argument[,]" and therefore, [the petitioner] cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus.").

longer qualifies as a crime of violence under the ACCA. The Court disagrees.

The ACCA, as originally drafted, defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" and having one of the following characteristics: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it is burglary, arson, extortion, or an offense involving the use of explosives; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The first clause is known as the "elements clause," the second as the "enumerated offenses clause," and the third as the "residual clause." The Supreme Court, in *Johnson v. United States*, 135 S. Ct. 2551, 2557–58 (2015), invalidated the residual clause as unconstitutionally vague. *Johnson* did not disturb the other clauses, however. *Id.* at 2563.

To qualify as a predicate offense under the ACCA, then, Humphreys's aggravated battery conviction must satisfy the elements clause or the enumerated offenses clause. As aggravated battery is not one of the enumerated crimes, the Court must determine whether aggravated battery falls under the elements clause.

A prior conviction falls under the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). "[P]hysical force means *violent* force—that

is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140–42 (2010) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)).

When assessing whether a crime falls within the violent felony provision of the ACCA, "federal courts use the categorical approach." *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009)). This approach is "straightforward when a statute sets out a single (or 'indivisible') set of elements to describe a single crime." *Mathis*, 136 S. Ct. at 2248. The analysis is more challenging when the relevant statute "ha[s] a more complicated (sometimes called 'divisible') structure." *Id.* at 2249. "A single statute may list elements in the alternative, and thereby define multiple crimes[,]" some of which involve violent force while others do not. *Id.* In these instances, courts adopt a "modified categorical approach." *Id.*

The modified categorical approach has two components. *Covington*, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.' " *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2293 (2013)). If a statute is divisible, meaning it "comprises multiple, alternative versions of the crime," courts employ a "modified

categorical approach" and may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2283–84.

Under Illinois law, a person is guilty of battery if he knowingly and without justification "(1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12–3. An offense reaches aggravated battery if certain additional conditions apply, for example, if the offense is committed "on or about a public way." 720 ILL. COMP. STAT. 5/12–3.05(c).

Numerous courts have held, and this Court agrees, that the Illinois aggravated battery statute is divisible; thus, the Court must use the modified categorical approach to determine whether his prior conviction is a crime of violence. *See United States v. Johnson*, 711 F. App'x 349, 349–50 (7th Cir. 2017) (collecting cases); *see also United States v. Reyes*, 866 F.3d 316, 319–20 (5th Cir. 2017); *United States v. Richardson*, No. 07-35, 16-1735, 2016 WL 6650833, at *3 (D. Minn. Nov. 9, 2016); *Turner v. Milusnic*, No. 14-00746, 2014 WL 4449918, at *10 (C.D. Cal. Sept. 10, 2014)).

When a statute is divisible, "a sentencing court must discern which of the alternative elements was integral to the defendant's conviction." *Mathis*, 136 S.

Ct. at 2245. Under Illinois law, a conviction under the first prong of the battery statute—causing bodily injury—"has as an element the use, attempted use, or threatened use of physical force." *See United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (internal quotations omitted) (quoting Hill v. Werlinger, 695 F.3d 644, 649 (7th Cir. 2012)). The second prong of the statute—making physical contact of an insulting or provoking nature—does not qualify as a violent felony under ACCA, however. *See id.* In deciding which prong was integral to Humphreys's conviction, the Court may look to underlying documents, such as the indictment, jury instructions, or plea agreement, to determine under which prong of the aggravated battery statute Petitioner was convicted. *See Mathis*, 136 S. Ct. at 2249 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Here, Humphreys was convicted under the bodily injury prong, and thus, his prior conviction for aggravated battery is a violent felony. Indeed, the Seventh Circuit resolved this issue in his direct appeal. It held that considering the totality of the evidence produced at trial and the charging information, including evidence that Humphreys struck the victim in the head, the sentencing judge properly construed the aggravated battery conviction as a violent felony under ACCA. *United States v. Humphreys*, 468 F.3d 1051, 1055–56 (7th Cir. 2006). In 2015, the Seventh Circuit, in an order denying Humphreys leave to file a successive motion

to vacate under § 2255, again held that the aggravated battery conviction had as an element the use of force. *Humphreys v. United States*, No. 15-2948 (7th Cir. Oct. 5, 2015). Nothing in *Mathis* undermines the Seventh Circuit's holding. Further, following Petitioner's bench trial in Cook County Circuit Court, the trial court found him guilty under the bodily harm prong of aggravated battery. *See United States v. Humphreys*, No. 03-00480 (N.D. Ill.) ECF No. 120, 6/28/1999 Tr. at 2–3. Accordingly, the Court finds that Humphreys's prior conviction of aggravated battery is a violent felony and, therefore, a valid predicate offense for an enhancement of his sentence. Humphreys, then, has not shown that he may proceed under § 2241 and the motion will be denied.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Petitioner's Motion to Alter or Amend Judgment [4].

SO ORDERED.

Dated: May 29, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk